

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2012 | **DATE** | 6/10/2003 |
| **CASE TITLE** | U.S.A. ex rel: Fred Ward vs. Blair Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the foregoing reasons, petitioner's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel )
FRED WARD, )
)
        Petitioner, )
)
vs. ) No. 03 C 2012
)
BLAIR LEIBACH, )
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner filed this petition for a writ of *habeas corpus* alleging that his constitutional rights were violated by his conviction and sentencing. Respondent argues that all of petitioner's claims have been procedurally defaulted. For the following reasons, the petition is denied.

Following a bench trial, petitioner was convicted of aggravated battery with a firearm and unlawful use of a weapon by a felon. He was sentenced to prison terms of 18 years and 5 years respectively, set to run concurrently. He appealed his sentence, contending that it was excessive based on his age and the facts of the case. On April 10, 2000, the Illinois Appellate Court, First District, affirmed the sentence and petitioner never filed a petition for leave to appeal to the Illinois Supreme Court.

Petitioner subsequently filed a post-conviction petition which was dismissed on January 5, 2000, by the trial court. On August 23, 2002, the Illinois Appellate Court affirmed the dismissal. Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, arguing that his conviction and sentencing under Public Act 83-942 violated the single-subject

rule of the Illinois constitution. On September 23, 2002, this petition was denied.

On March 17, 2003, petitioner filed the instant petition arguing that he was arrested and convicted without probable cause; his rights were violated when he was arrested and convicted twice based on the same set of facts; he was convicted due to false testimony; and he was denied effective assistance of counsel.

Federal district courts do not have jurisdiction to review independent state court determinations. Coleman v. Thompson, 501 U.S. 722, 729 (1991). Before we may review a claim presented in a *habeas corpus* petition, the constitutional claim must be "fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court." Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) *quoting* Picard v. Connor, 404 U.S. 270, 277 (1971). Such a procedural default, absent a showing of good cause and actual prejudice, bars review of the state court judgment by a federal court. Gray v. Netherland, 518 U.S. 152, 161-66 (1996). The petitioner can get around this bar only if he demonstrates that failure to consider his claim would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Such a miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) *quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986).

Petitioner did not present his claims to the state courts to allow proper review. The only claim that petitioner appealed to the Illinois Supreme Court was his claim that his conviction violated the single-subject rule of the Illinois constitution, a claim that he does not make in the instant petition. Illinois courts have therefore not been afforded an opportunity

to review the state court judgments and we do not have jurisdiction to make the review at this time. Moreover, there is no chance that any violations resulted in the conviction of an innocent person, as petitioner does not deny that he actually committed the crime. He disputes only the severity of the punishment.

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of *habeas corpus* is denied.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

June 10, 2003.